**R. J. MARZELLA & ASSOCIATES, P.C.**
**BY: Robin J. Marzella, Esquire**
**Pennsylvania Supreme Court I.D. No. 66856**          **Attorneys for Plaintiffs,**
**3513 North Front Street**
**Harrisburg, PA 17110**
**Telephone: (717) 234-7828**
FACSIMILE: (717) 234-6883

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| ASEEM GURUNG, a minor, by PABITRA MAGAR and BAL GURUNG, his parents and natural guardians, and PABITRA MAGAR and BAL GURUNG individually and in their own capacities | : : : : : : | DOCKET NUMBER: |
| PLAINTIFFS | : | |
| VS. | : : | |
| THE UNITED STATES OF AMERICA t/d/b/a HAMILTON HEALTH CENTER, INC., PINNACLE HEALTH HOSPITALS, AYODEJI BAKARE, M.D., KAVEETA VINAYA KUMAR, M.D., PUNAM CHAUHAN, M.D., LEAH AHOYA, M.D., MANUEL PEREGRINO, M.D., ELIZABETH GRADY, RN, MELISSA MOIST, RN, and CANDACE JONES, CNM | : : : : : : : : : : | PROFESSIONAL MEDICAL NEGLIGENCE |
| | : | JURY TRIAL DEMANDED |
| DEFENDANTS | : | |

## COMPLAINT

## JURISDICTION

1. This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671 et

   seq. This court is vested with jurisdiction pursuant to 28 U.S.C.A. § 1346(b) and 28

   U.S.C.A. § 1367.

1

2. Plaintiffs reside in the above-entitled judicial district. The acts and omissions complained of in this Complaint occurred within the Middle District of Pennsylvania.

## THE PARTIES

3. Aseem Gurung is a two year old minor residing with his parents and guardians, Pabitra Magar and Bal Gurung in Harrisburg, Dauphin County, Pennsylvania.

4. Pabitra Magar and Bal Gurung are competent adult individuals residing in Harrisburg, Dauphin County, Pennsylvania.

5. As Aseem Gurung's biological parents and caretakers, Pabitra Magar and Bal Gurung are qualified to act as the guardian of the property and person of Aseem Gurung and now acts in that capacity.

6. Defendant, United States of America, is the duly constituted and sovereign government of the United States of America.

7. Defendant, Hamilton Health Center, Inc. is a Pennsylvania non-profit doing business as the Hamilton Health Center (hereinafter "Hamilton"), with offices and facilities in Harrisburg, Dauphin County, Pennsylvania.

8. Defendant, Pinnacle Health Hospitals is a Pennsylvania non-profit doing business as Pinnacle Health at Harrisburg Hospital (hereinafter "Pinnacle"), with offices and facilities in Harrisburg, Dauphin County, Pennsylvania.

9. Defendant, Ayodeji Bakare, M.D., upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

10. Defendant, Kaveeta Vinaya Kumar, M.D., upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

11. Defendant, Punam Chauhan, M.D., upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

12. Defendant, Leah Ahoya, M.D., upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

13. Defendant, Manuel Peregrino, M.D., upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

14. Defendant, Elizabeth Grady, RN, upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

15. Defendant, Melissa Moist, RN, upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

16. Defendant, Candace Jones, CNM, upon information and belief, is an agent, employee, or acting on behalf of Hamilton and/or Pinnacle.

17. At all times mentioned in this complaint, Hamilton was, and now is, deemed an eligible health center under the FTCA, and the employees and agents of Hamilton, including Dr. Bakare, Dr. Kumar, Dr. Chauhan, Dr. Ahoya, Dr. Peregrino, Ms. Grady, Ms. Moist, Ms. Jones, were acting within the scope of their employment and with the permission and consent of Hamilton.

18. On February 18, 2015, Plaintiffs submitted a claim with the Department of Health & Human Services based on the allegations contained in this complaint against Dr. Ayodeji Bakare and Hamilton Health Center, Inc, and Plaintiffs' claim was denied on July 27, 2015. Plaintiffs subsequently filed a request for reconsideration on August 24, 2015, which was denied on October 13, 2015. Having exhausted all administrative remedies, Plaintiffs now bring this Complaint.

## FACTS

19. In 2013, Pabitra Magar was a twenty-three (23) year old female whose previous pregnancy history included an uneventful live birth four (4) years earlier to a six and one half (6.5) pound girl.

20. With the pregnancy, which is the subject matter of this Complaint, Pabitra Magar's last, regular menstrual period was approximately April 5, 2013.

21. Thereafter, Pabitra Magar sought obstetrical care at Hamilton, with her first pre-natal visit occurring on or about June 6, 2013.

22. At this time, Pabitra Magar's weight was recorded at one hundred, fifty-eight point four (158.4) pounds with a blood pressure of 136/83.

23. Fetal ultrasounds were performed on August 7, 2013, and October 3, 2013.

24. Pabitra Magar continued to receive her obstetrical care at Hamilton, making approximately nine (9) visits to Hamilton between June of 2013 and November of 2013.

25. Pabitra Magar was diagnosed with gestational diabetes in September of 2013, although evidence of her gestational diabetes existed in August, 2013.

26. Pabitra Magar did not receive proper treatment for her gestational diabetes.

27. Further, Defendants failed to sufficiently monitor Pabitra Magar for possible macrosomia.

28. By late November of 2013, Pabitra Magar had gained approximately twenty (20) pounds from the time of her first pre-natal visit, weighing in at one hundred, seventy-eight point two (178.2) pounds, and her blood pressure was 129/73.

29. At her November 20, 2013 checkup, roughly ten hours before giving birth, Ms. Magar's doctor's notes indicate that she had abnormal glucose tolerance, which would complicate the pregnancy and child birth.

30. However, no additional diagnostic studies were recommended, ordered or performed to determine the viability of a vaginal delivery.

31. No recommendations were given to prepare for a possible cesarean delivery.

32. Pabitra Magar was admitted into Pinnacle at 2:45 pm on November 20, 2013.

33. Upon admission, agents, apparent agents, servants and/or employees of Hamilton were notified by Pinnacle staff of Ms. Magar's arrival and her status.

34. Ms. Magar's water broke at roughly 4:05 pm on November 20, 2013.

35. During the course of labor Defendants knew or should have known that the baby was in distress and required immediate intervention, as the child's fetal heart rate was highly abnormal, and fetal monitoring revealed that the baby was in distress.

36. Approximately eight (8) hours into Pabitra Magar's labor, a vacuum extraction technique was used to deliver her child, despite shoulder dystocia occurring during the delivery.

37. In the process, Aseem Gurung, suffered a severe right-side brachial plexus injury.

38. Dr. Bakare documents that he or an agent, apparent agent, servant, and/or employee of Pinnacle attempted maneuvers designed to minimize the risk of brachial plexus injury/Erb's palsy from the shoulder dystocia, but they were performed in an incorrect and substandard manner.

39. Instead, excessive pressure was applied to remove the baby, causing a right brachial plexus/Erb's palsy injury.

40. At approximately 9:19 pm, on November 20, 2013, Aseem Gurung was born.

41. Aseem Gurung's birth weight was nine pounds and twelve point seven ounces (9lbs & 12.7oz), and his length was nineteen and a half (19.5) inches.

42. Minor Plaintiff, Aseem Gurung, was blue in color and he was not breathing. He required stimulation upon birth but there was no spontaneous respiration, and it took roughly two to three (2-3) minutes until Aseem took his first breath.

43. Minor Plaintiff, Aseem Gurung's Apgar scores were 2 at one minute, 7 at five minutes, and 8 at ten minutes.

44. In addition to the anoxic injuries, it was evident upon birth that Aseem had suffered a right brachial plexus injury, and on November 23, 2013, no spontaneous movement of the right arm was noted other that minimal movement at the wrist.

45. Currently, minor-Plaintiff, Aseem Gurung, remains unable to adequately move his right arm and will require substantial treatment for his right arm and hand.

46. As a direct and proximate result of the Defendants' negligence, Aseem Gurung will have residual problems for the remainder of his life requiring additional medical treatment and therapy, and a claim is made therefore.

47. As a direct and proximate result of the Defendants' negligence, Plaintiffs have been and will continue to be forced to incur liability for medical treatment, medicines, hospitalizations, physical therapy and similar miscellaneous expenses throughout Aseem's life, and a claim is made therefore.

48. As a direct and proximate result of the Defendants' negligence, Aseem Gurung, has undergone and will in the future in the future undergo great mental and physical pain and suffering, great inconvenience in carrying out his daily activities, and a loss of life's pleasures and enjoyment, and a claim is made therefore.

49. As a direct and proximate result of the Defendants' negligence, minor-Plaintiff, Aseem Gurung has been and in the future will be subject to great humiliation, disfigurement, and embarrassment, and a claim is made therefore.

50. As a direct and proximate result of the Defendants' negligence, Aseem Gurung has sustained and will continue to sustain a permanent impairment of earning power and earning capacity, and a claim is made therefore.

51. As a direct and proximate result of the Defendants' negligence, Plaintiffs, Pabitra Magar and Bal Gurung were forced to incur liability for medical treatment, medicines, hospitalizations, physical therapy, and similar miscellaneous expenses in an effort to restore their minor child to health and because of the nature of his injuries, they will be forced to incur such expenses in the future, and a claim is made therefore.

**Count I – Negligence**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Ayodeji Bakare, M.D.**

52. All prior paragraphs are incorporated herein by reference as if set forth at length.

53. Defendant, Ayodeji Bakare, M.D., is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by his negligence in:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.    failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

7

e.     failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

f.     failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

g.     failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

h.     failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

i.     failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

j.     failing to examine for shoulder and head dystocia properly;

k.     failing to diagnose shoulder and head dystocia properly;

l.     failing to monitor shoulder and head dystocia properly;

m.     failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.     failing to treat shoulder and head dystocia properly;

o.     improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.     failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.     failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.     failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.     failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

8

t.      failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.      failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.      failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.      failing to deliver Aseem Gurung by way of cesarean section;

x.      failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.      failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.      failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.     failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.     failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.     failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.     failing to ensure that a neonatologist was present at the time of the delivery;

ee.     failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.     failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

9

gg.     applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.     failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.     failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.     failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.     improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.     failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.    in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.     failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.     failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.     failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.     failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.     failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.     failing to recognize the signs of fetal distress during the delivery process; and

tt.     failing to perform an emergency cesarean section in a timely fashion.

54. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Ayodeji Bakare, M.D., for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

### Count II – Negligence
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Kaveeta Vinaya Kumar, M.D.**

55. All prior paragraphs are incorporated herein by reference as if set forth at length.

56. Defendant, Kaveeta Vinaya Kumar, M.D., is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by her negligence in:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.    failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

    e.    failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

    f.    failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

g.    failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

h.    failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

i.    failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

j.    failing to examine for shoulder and head dystocia properly;

k.    failing to diagnose shoulder and head dystocia properly;

l.    failing to monitor shoulder and head dystocia properly;

m.    failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.    failing to treat shoulder and head dystocia properly;

o.    improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.    failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.    failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.    failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.    failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.    failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.    failing to deliver Aseem Gurung by way of cesarean section;

x.    failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.    failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.    failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.    failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.    failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.    failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.    failing to ensure that a neonatologist was present at the time of the delivery;

ee.    failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.    failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.    applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.    failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.    failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.   failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.   improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.   failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.   in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.   failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.   failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.   failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.   failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.   failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.   failing to recognize the signs of fetal distress during the delivery process; and

tt.   failing to perform an emergency cesarean section in a timely fashion.

57. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Kaveeta Vinaya Kumar, M.D.,

14

for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

**Count III – Negligence**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Punam Chauhan, M.D.**

58. All prior paragraphs are incorporated herein by reference as if set forth at length.

59. Defendant, Punam Chauhan, M.D., is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by her negligence in:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.    failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

    e.    failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

    f.    failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

    g.    failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

    h.    failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

    i.    failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

15

j.    failing to examine for shoulder and head dystocia properly;

k.    failing to diagnose shoulder and head dystocia properly;

l.    failing to monitor shoulder and head dystocia properly;

m.    failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.    failing to treat shoulder and head dystocia properly;

o.    improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.    failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.    failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.    failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.    failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.    failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.    failing to deliver Aseem Gurung by way of cesarean section;

x.    failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.    failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.      failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.     failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.     failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.     failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.     failing to ensure that a neonatologist was present at the time of the delivery;

ee.     failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.     failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.     applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.     failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.     failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.     failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.     improperly placing excessive traction on the baby's head and neck during the delivery process;

ll. failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm. in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn. failing to estimate the fetal weight in a timely fashion prior to delivery;

oo. failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp. failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq. failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr. failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss. failing to recognize the signs of fetal distress during the delivery process; and

tt. failing to perform an emergency cesarean section in a timely fashion.

60. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Punam Chauhan, M.D., for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

<u>Count IV – Negligence</u>
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Leah Ahoya, M.D.**

61. All prior paragraphs are incorporated herein by reference as if set forth at length.

62. Defendant, Leah Ahoya, M.D., is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by her negligence in:

    a.     failing to obtain and/or report an accurate and complete obstetrical history;

    b.     failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.     failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.     failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

    e.     failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

    f.     failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

    g.     failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

    h.     failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

    i.     failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

    j.     failing to examine for shoulder and head dystocia properly;

    k.     failing to diagnose shoulder and head dystocia properly;

    l.     failing to monitor shoulder and head dystocia properly;

m.   failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.   failing to treat shoulder and head dystocia properly;

o.   improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.   failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.   failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.   failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.   failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.   failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.   failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.   failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.   failing to deliver Aseem Gurung by way of cesarean section;

x.   failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.   failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.   failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.     failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.     failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.     failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.     failing to ensure that a neonatologist was present at the time of the delivery;

ee.     failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.     failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.     applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.     failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.     failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.     failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.     improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.     failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.   in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.   failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.   failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.   failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.   failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.   failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.   failing to recognize the signs of fetal distress during the delivery process; and

tt.   failing to perform an emergency cesarean section in a timely fashion.

63. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.


**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Leah Ahoya, M.D., for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

**Count V– Negligence**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Manuel Peregrino, M.D.**

64. All prior paragraphs are incorporated herein by reference as if set forth at length.

65. Defendant, Manuel Peregrino, M.D., is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by his negligence in:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.    failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

    e.    failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

    f.    failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

    g.    failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

    h.    failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

    i.    failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

    j.    failing to examine for shoulder and head dystocia properly;

    k.    failing to diagnose shoulder and head dystocia properly;

    l.    failing to monitor shoulder and head dystocia properly;

m.    failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.    failing to treat shoulder and head dystocia properly;

o.    improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.    failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.    failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.    failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.    failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.    failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.    failing to deliver Aseem Gurung by way of cesarean section;

x.    failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.    failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.    failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.   failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.   failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.   failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.   failing to ensure that a neonatologist was present at the time of the delivery;

ee.   failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.   failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.   applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.   failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.   failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.   failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.   improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.   failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.   in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.   failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.   failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.   failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.   failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.   failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.   failing to recognize the signs of fetal distress during the delivery process; and

tt.   failing to perform an emergency cesarean section in a timely fashion.

66. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Manuel Peregrino, M.D., for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

**Count VI – Negligence**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Elizabeth Grady, RN**

67. All prior paragraphs are incorporated herein by reference as if set forth at length.

68. Defendant, Elizabeth Grady, RN, is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by her negligence in:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.    failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

    e.    failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

    f.    failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

    g.    failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

    h.    failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

    i.    failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

    j.    failing to examine for shoulder and head dystocia properly;

    k.    failing to diagnose shoulder and head dystocia properly;

    l.    failing to monitor shoulder and head dystocia properly;

    m.    failing to take appropriate measures to prevent a brachial plexus/nerve injury;

    n.    failing to treat shoulder and head dystocia properly;

    o.    improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.     failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.     failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.     failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.     failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.     failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.     failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.     failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.     failing to deliver Aseem Gurung by way of cesarean section;

x.     failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.     failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.     failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.     failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.     failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

28

cc.    failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.    failing to ensure that a neonatologist was present at the time of the delivery;

ee.    failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.    failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.    applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.    failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.    failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.    failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.    improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.    failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.    in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.    failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.    failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.     failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.     failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.     failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.     failing to recognize the signs of fetal distress during the delivery process; and

tt.     failing to perform an emergency cesarean section in a timely fashion.

69. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Elizabeth Grady, RN, for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

**Count VII – Negligence**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Melissa Moist, RN**

70. All prior paragraphs are incorporated herein by reference as if set forth at length.

71. Defendant, Melissa Moist, RN, is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by her negligence in:

a.     failing to obtain and/or report an accurate and complete obstetrical history;

b.     failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

c.     failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

d.     failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

e.     failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

f.     failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

g.     failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

h.     failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

i.     failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

j.     failing to examine for shoulder and head dystocia properly;

k.     failing to diagnose shoulder and head dystocia properly;

l.     failing to monitor shoulder and head dystocia properly;

m.     failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.     failing to treat shoulder and head dystocia properly;

o.     improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.     failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.     failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.     failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

31

s.  failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.  failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.  failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.  failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.  failing to deliver Aseem Gurung by way of cesarean section;

x.  failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.  failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.  failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.  failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.  failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.  failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.  failing to ensure that a neonatologist was present at the time of the delivery;

ee.  failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.     failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.    applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.    failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.     failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.     failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.    improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.     failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.   in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.    failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.    failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.    failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.    failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.     failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.     failing to recognize the signs of fetal distress during the delivery process; and

33

tt.    failing to perform an emergency cesarean section in a timely fashion.

72. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Melissa Moist, RN, for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

**Count VIII – Negligence**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Candace Jones, CNM**

73. All prior paragraphs are incorporated herein by reference as if set forth at length.

74. Defendant, Candace Jones, CNM, is liable to the Plaintiffs for damages alleged herein which were directly and proximately caused by her negligence in:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

    d.    failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

    e.    failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

f.   failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

g.   failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

h.   failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

i.   failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

j.   failing to examine for shoulder and head dystocia properly;

k.   failing to diagnose shoulder and head dystocia properly;

l.   failing to monitor shoulder and head dystocia properly;

m.   failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.   failing to treat shoulder and head dystocia properly;

o.   improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.   failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.   failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.   failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.   failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.   failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.     failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.     failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.     failing to deliver Aseem Gurung by way of cesarean section;

x.     failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.     failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.     failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.    failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.    failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.    failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.    failing to ensure that a neonatologist was present at the time of the delivery;

ee.    failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.    failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.    applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.    failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

36

ii.     failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.     failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.    improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.     failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.   in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.    failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.    failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.    failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.    failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.     failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.     failing to recognize the signs of fetal distress during the delivery process; and

tt.     failing to perform an emergency cesarean section in a timely fashion.

75. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, Candace Jones, CNM, for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

## Count IX – Vicarious Liability
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**The United States of America t/d/b/a Hamilton Health Center, Inc.**

76. All prior paragraphs are incorporated herein by reference as if set forth at length.

77. At all relevant times herein, Defendants, Dr. Bakare, Dr. Kumar, Dr. Chauhan, Dr. Ahoya, Dr. Peregrino, Ms. Grady, Ms. Moist, Ms. Jones, and all the physicians, interns, residents, nurses and medical staff were acting as the agents, apparent agents, servants and/or employees of Hamilton when providing professional medical services to the Plaintiffs in 2013.

78. Defendant, Hamilton, acting through its agents, apparent agents, servants and/or employees is labile to the minor-Plaintiff, Aseem Gurung, and Bal Gurung, and Pabitra Magar, individually and as the parents and natural guardians of minor-Plaintiff for its negligence with respect to the treatment of Plaintiffs by:

 a.   failing to obtain and/or report an accurate and complete obstetrical history;

 b.   failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

 c.   failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

 d.   failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

e.     failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

f.     failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

g.     failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

h.     failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

i.     failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

j.     failing to examine for shoulder and head dystocia properly;

k.     failing to diagnose shoulder and head dystocia properly;

l.     failing to monitor shoulder and head dystocia properly;

m.    failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.     failing to treat shoulder and head dystocia properly;

o.     improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.     failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.     failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung 's delivery on or about November 20, 2013;

r.     failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.     failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

t.    failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.    failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.    failing to deliver Aseem Gurung by way of cesarean section;

x.    failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.    failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.    failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.    failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.    failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.    failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.    failing to ensure that a neonatologist was present at the time of the delivery;

ee.    failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.    failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

gg.   applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.   failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.   failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.   failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.   improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.   failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.   in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.   failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.   failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.   failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.   failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.   failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.   failing to recognize the signs of fetal distress during the delivery process; and

tt.   failing to perform an emergency cesarean section in a timely fashion.

79. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor, demand judgment in their favor and against Defendant, United States of America t/d/b/a Hamilton Health Center, Inc., for all damages recoverable under law in an amount in excess of the jurisdictional limit for federal arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

**<u>Count X – Vicarious Liability</u>**
**Bal Gurung and Pabitra Magar individually and for Aseem Gurung, a minor,**
**v.**
**Pinnacle Health Hospitals**

80. All prior paragraphs are incorporated herein by reference as if set forth at length.

81. At all relevant times herein, Defendants, Dr. Bakare, Dr. Kumar, Dr. Chauhan, Dr. Ahoya, Dr. Peregrino, Ms. Grady, Ms. Moist, Ms. Jones, and all the physicians, interns, residents, nurses and medical staff were acting as the agents, apparent agents, servants and/or employees of Pinnacle when providing professional medical services to the Plaintiffs in 2013.

82. Defendant, Pinnacle, acting through its agents, apparent agents, servants and/or employees is labile to the minor-Plaintiff, Aseem Gurung, and Bal Gurung, and Pabitra Magar, individually and as the parents and natural guardians of minor-Plaintiff for its negligence with respect to the treatment of Plaintiffs by:

    a.    failing to obtain and/or report an accurate and complete obstetrical history;

    b.    failing to examine for fetal macrosomia (abnormally large body) from April of 2013 through November of 2013;

    c.    failing to diagnose fetal macrosomia properly prior to minor-Plaintiff, Aseem Gurung's birth;

d.     failing to order, obtain, report and/or review x-ray pelvimerty and/or pelvic ultrasonography studies in a timely fashion;

e.     failing to monitor for fetal macrosomia properly from April of 2013 through November of 2013;

f.     failing to provide adequate prenatal obstetrical care, including but not limited to the number of visits and type of examinations performed on each visit;

g.     failing to treat fetal macrosomia properly from April of 2013 through November of 2013;

h.     failing to order adequate pre-labor testing to determine the feasibility and desirability of a vaginal delivery;

i.     failing to consider adequately, plan for, discuss or otherwise evaluate properly the need for cesarean section delivery;

j.     failing to examine for shoulder and head dystocia properly;

k.     failing to diagnose shoulder and head dystocia properly;

l.     failing to monitor shoulder and head dystocia properly;

m.     failing to take appropriate measures to prevent a brachial plexus/nerve injury;

n.     failing to treat shoulder and head dystocia properly;

o.     improperly delivering minor-Plaintiff, Aseem Gurung, vaginally;

p.     failing to consider adequately, plan for, discuss or to otherwise properly evaluate the need for pediatric and/or neonatology physicians present prior to and during the delivery of minor-Plaintiff, Aseem Gurung;

q.     failing to take appropriate measures to prevent brachial plexus injury during minor-Plaintiff, Aseem Gurung's delivery on or about November 20, 2013;

r.     failing to adequately discuss the risks and possible side effects of vaginal delivery with Plaintiff, Pabitra Magar;

s.     failing to adequately discuss the available alternative to vaginal delivery with Plaintiff, Pabitra Magar;

43

t.  failing to perform the appropriate maneuvers for the delivery of minor Plaintiff, Aseem Gurung to prevent and/or minimize the risk of brachial plexus/nerve injuries;

u.  failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar and minor-Plaintiff, Aseem Gurung's size;

v.  failing to properly and adequately assess the risk of shoulder dystocia, given Plaintiff, Pabitra Magar's gestational diabetes;

w.  failing to deliver Aseem Gurung by way of cesarean section;

x.  failing to conduct surveillance for fetal well being properly and in a timely fashion;

y.  failing to properly intervene in a timely fashion before Aseem Gurung became compromised as a result of his size;

z.  failing to review the electronic fetal monitoring tracings properly and in a timely fashion;

aa.  failing to order and perform an immediate cesarean section after Ms. Magar's admission to Pinnacle when there was evidence of fetal distress;

bb.  failing to ensure that Ms. Magar's baby was delivered in a timely fashion by cesarean section by a qualified individual;

cc.  failing to consult with a high-risk obstetrical specialist and/or a neonatologist prior to or at the time of the delivery;

dd.  failing to ensure that a neonatologist was present at the time of the delivery;

ee.  failing to appreciate that Aseem Gurung was in extreme danger because of his size and the increased stress from the vaginal delivery and correcting the same;

ff.  failing to properly react to the results of the fetal monitoring strips by ordering an immediate cesarean section;

44

gg.     applying excess pressure to Aseem Gurung's head and neck during the vaginal delivery, causing brachial plexus/nerve injury;

hh.     failing to perform the appropriate maneuvers to prevent and/or minimize the risk of brachial plexus injury during the vaginal delivery;

ii.     failing to anticipate shoulder dystocia and taking precautionary measures to prevent brachial plexus and/or nerve injury;

jj.     failing to recognize Ms. Magar's weight gain, glucose levels, gestational diabetes and other factors as indicative of a high-risk pregnancy for shoulder dystocia;

kk.     improperly placing excessive traction on the baby's head and neck during the delivery process;

ll.     failing to recognize the recoil of the infant's face and chin (turtle sign) as indicative of shoulder dystocia and instituting appropriate measures to prevent brachial plexus/nerve injury;

mm.     in using vacuum extraction before properly dislodging Aseem Gurung's shoulder;

nn.     failing to estimate the fetal weight in a timely fashion prior to delivery;

oo.     failing to institute the McRobert maneuver in an attempt to deliver the infant;

pp.     failing to obtain appropriate measurements of the mother and/or baby prior to the delivery to evaluate for possible shoulder dystocia;

qq.     failing to have a physician present for the delivery, experienced in the delivery of infants with shoulder dystocia;

rr.     failing to timely diagnose and sufficiently treated Ms. Magar's gestational diabetes after being diagnosed;

ss.     failing to recognize the signs of fetal distress during the delivery process; and

tt.     failing to perform an emergency cesarean section in a timely fashion.

83. Plaintiffs have been advised and therefore aver that the damages and injuries as alleged in

paragraphs 46 through 51 are permanent, and a claim is made therefore.

**WHEREFORE**, Plaintiffs, Bal Gurung and Pabitra Magar individually and for Aseem Gurung,

a minor, demand judgment in their favor and against Defendant, Pinnacle Health Hospitals, for

all damages recoverable under law in an amount in excess of the jurisdictional limit for federal

arbitrations plus interest, costs of suit, and any other relief deemed appropriate by the Court.

Respectfully submitted,

**R. J. MARZELLA & ASSOCIATES, P.C.**

By: _____

Robin J. Marzella, Esquire
Attorney Identification No. 66856

Dated: 4/8/16