IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASEEM GURUNG, <u>et al.</u>, | : | |
| Plaintiffs | : | No. 1:16-cv-0587 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, <u>et al.</u>, | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 8, 2016, Plaintiffs Aseem Gurung, Pabitra Magar and Bal Gurung filed a complaint against Defendants United States of America, Hamilton Health Center, Inc., Pinnacle Health Hospitals, Ayodeji Bakare, M.D., Kaveeta Vinaya Kumar, M.D., Punam Chauhan, M.D., Leah Ahoya, M.D., Candace Jones, CNM, Manuel Peregrino, M.D., Elizabeth Grady, R.N., and Melissa Moist, R.N., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 <u>et seq</u>. (Doc. No. 1 ¶¶ 1, 3-16.) The complaint asserts claims of negligence and vicarious liability arising from complications of Aseem Gurung's birth. (Doc. No. 1.) On August 31, 2016, in accordance with 28 U.S.C. § 2679(d), Assistant United States Attorney Carlo D. Marchioli filed a notice substituting the United States of America for Ayodeji Bakare, Kaveeta Vinaya Kumar, Punam Chauhan, Leah Ahoya, and Candace Jones. (Doc. No. 21.)

The Court referred the action to mediation on January 30, 2017 (Doc. No. 29), and this Court received notice on May 3, 2017 that a settlement was reached between Plaintiffs and the "government defendants." (Doc. No. 36). On May 19, 2017, following a status conference with the parties, Plaintiffs filed a petition to approve the settlement and notified the Court that Plaintiffs had settled their FTCA claims against Defendants Hamilton Health Center, Inc., Ayodeji Bakare, M.D., Kaveeta Vinaya Kumar, M.D., Punam Chauhan, M.D., Leah Ahoya,

M.D., and Candace Jones, CNM.  (See Doc. No. 38 ¶¶ 3, 7.)  The Court has since approved the settlement in the amount of $250,000.00.  (Doc. No. 42.)

On May 19, 2017, the Court also issued a show cause order directing the remaining parties to show cause, on or before May 26, 2017, why the above-captioned action should not be dismissed for lack of subject matter jurisdiction.  (Doc. No. 39.)  Defendants Pinnacle Health Hospitals, Elizabeth Grady, R.N., and Melissa Moist, R.N. ("Responding Defendants") filed a response to the show cause order on May 24, 2017.  (Doc. No. 41.)  Plaintiffs did not file a response to the Court's show cause order.  Responding Defendants argue that the "dismissal of the state law claims against them is warranted under 28 U.S.C. § 1367(c)(3)" and mandated by the United States Court of Appeals for the Third Circuit's decision in Beckinger v. Twp. of Elizabeth, 434 F. App'x 164 (3d Cir. 2011).

Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Third Circuit's Beckinger decision adds that: "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." 434 F. App'x at 170 (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)).

Here, Plaintiffs' claims under the FTCA vested this Court with federal question jurisdiction and supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. §§ 1331 and 1367.  (Doc. No. 1 ¶ 1)  (citing 28 U.S.C. §§ 1346(b), 1367.)  Plaintiffs and the United States have since settled the claims against Hamilton Health Center, Inc., Ayodeji Bakare, M.D.,

Kaveeta Vinaya Kumar, M.D., Punam Chauhan, M.D., Leah Ahoya, M.D., and Candace Jones, CNM arising under the FTCA. (See Doc. No. 38 ¶¶ 3, 7.) Plaintiffs have also agreed to release Defendant Manuel Peregrino, M.D., from the above-captioned action. (Doc. Nos. 37, 38 at 4.) As a result, only the state-law claims of negligence and vicarious liability remain against the three Responding Defendants.

Pursuant to Third Circuit's Beckinger decision, the Court must decline to exercise supplemental jurisdiction over the remaining state-law claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Beckinger, 434 F. App'x at 170. Absent any argument by Plaintiffs to the contrary and given that only limited discovery has been conducted in this case prior to mediation (Doc. No. 27), the Court finds no basis for exercising supplemental jurisdiction over the remaining state-law claims. **ACCORDINGLY**, on this 31st day of May 2017, **IT IS ORDERED THAT** the above-captioned action is **DISMISSED WITHOUT PREJUDICE** as this Court declines to exercise supplemental jurisdiction over the remaining state-law claims. The Clerk of Court is directed to close the above-captioned action.

                                                    s/ Yvette Kane
                                                    Yvette Kane, District Judge
                                                    United States District Court
                                                    Middle District of Pennsylvania